# DISTRICT OF COLUMBIA *v.* KEEN.

---

### POLICE REGULATIONS; POULTRY.

Sec. 6, art. 7, D. C. police regulations, prohibiting the keeping of any kind of live fowls or pigeons in any square or block in the city of Washington, which has 75 per cent of its territory improved, without the consent of 75 per cent of the residents within a radius of

100 feet from the boundaries of the premises upon which the fowls or pigeons are to be kept, is void for indefiniteness, as it does not state whether the distance mentioned in it is to be determined by measurements entirely within the block where the fowls or pigeons are to be kept, or fix the point from which the measurement is to be made.

No. 1807.  Submitted November 18, 1907.  Decided June 9, 1908.

In Error to the Police Court of the District of Columbia.
*Judgment affirmed.*

The facts are stated in the opinion.

*Mr. Edward H. Thomas,* Corporation Counsel, for the plaintiff in error.

*Mr. Charles Cowles Tucker* and *Mr. J. Miller Kenyon* for the defendant in error.

Mr. Justice CLABAUGH, of the Supreme Court of the District of Columbia, who sat with the Court on the hearing of the case in the absence of Mr. Justice ROBB, delivered the opinion of the Court:

The defendant in error, Albert M. Keen, was tried before the police court of the District of Columbia, upon information charging the defendant with keeping poultry in square 2610, within the District of Columbia, said square having 75 per cent of its territory improved, without first having obtained a permit from the health officer, contrary to and in violation of the police regulations of the District of Columbia, and constituting a law of the District of Columbia.

The defendant interposed a motion to quash the information, which motion was sustained by the police court, from which action plaintiff in error has appealed to this court.

The regulation so declared to be unconstitutional by the police court is not set out in the record, but reads as follows:

"Sec. 6.  No person shall keep any kind of live fowls or

pigeons in any square or block within the District of Columbia, which has 75 per cent of its territory improved, without having first obtained a permit so to do from the health officer of said District, which permit shall prescribe the conditions under which fowls and pigeons shall be kept; nor without having obtained the consent of 75 per cent of the residents within a radius of 100 feet from the boundaries of the premises upon which fowls or pigeons are to be kept. *Provided,* however, that such fowls shall not be permitted to run or stray beyond the boundaries of the said premises; And *provided, further,* that this regulation shall not apply to fowls or pigeons confined in coops in regularly established provision or commission stores or public markets, or to homing pigeons.

"Any person violating any of the provisions of this section shall be fined not less than $2 and not more than $10; and each day fowls or pigeons are kept or permitted to run at large as above provided shall be deemed a separate offense hereunto."

This regulation was doubtless intended to apply only to the regular keeping of domestic fowls and pigeons upon one's premises for general purposes, which might endanger the public health and become a nuisance in other respects; but its language is so general that it might include such fowl when brought upon the premises and kept for a brief period before consumption as food; and it might possibly include birds of any kind. Moreover, if the regulation is based upon considerations affecting the public health, it would seem that there is some inconsistency in permitting the fowl to be kept by consent of neighbors within a certain limit.

It is unnecessary, however, to consider these and other objections in detail, inasmuch as we think it is quite clear that the regulation in question is so indefinite in its terms that the judgment in this cause ought not to be reversed.

The regulation provides: "No persons shall keep any kind of live fowls or pigeons in any square or block which has 75 per cent of its territory improved, * * * without having obtained the consent of 75 per cent of the residents within a

radius of 100 feet from the boundaries of the premises upon which fowls or pigeons are to be kept."

Such a provision is so indefinite that it is difficult to apprehend what was intended. Is the distance mentioned in the regulation to be determined by measurements entirely within the block in which the premises are situated, where the fowls or pigeons are to be kept; or can residents in another block, if within 100 feet of the premises where the fowls are to be kept, object to the keeping of the fowls?

The place from which the measurement is to be made is likewise indefinite, so that we find that there is such uncertainty in the terms of this regulation as compels us to sustain the judgment of the court below.

Other principles involved in this regulation have been so often decided by this court that we have no doubt that a proper regulation can be drawn which will cover all the essential points in the one at issue.                          *Affirmed.*